

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHARIPOV KHURSAND,

Petitioner,

v.

CHRISTOPHER LAROSE,

Respondent.

Case No.:  3:26-cv-845-CAB-JLB

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Sharipov Khursand's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment.  [*Id.* at 6.]  He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker.  [*Id.* at 7.]  For the reasons below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is a Russian citizen who applied for admission at the San Ysidro Port of Entry on November 17, 2024.  He was determined to be an inadmissible arriving alien, placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1), and taken into

Immigration and Customs Enforcement ("ICE") custody.  [Doc. No. 4 at 3.]  He has remained in custody since then.

## II.  LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.  DISCUSSION

### a.  Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g). [Doc. No. 4 at 5–6.]  This Court, and innumerable others, have repeatedly rejected the same jurisdictional argument under similar factual scenarios.  Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, we reject Respondents' jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F.Supp.3d 1133, 1138–39 (S.D. Cal. 2025).

### b.  Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—nearly sixteen months—violates his Fifth Amendment right to due process.  [Petition at 6.]  Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 4 at 6–16.]

The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court has not decided the *constitutional question* of whether indefinite detention is

permitted.  *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *5–6 (S.D. Cal. Jan. 16, 2026).

Respondents cite to *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953) and *Barrera-Echavarria v. Rison*, 44 F.3d 1441 (9th Cir. 1995) to argue that Petitioner has no due process rights beyond those afforded by statute.  Those cases, however, are distinguishable.  *See Kydyrali v. Wolf*, 499 F.Supp.3d 768, 772 (S.D. Cal. 2020).  *Mezei* concerned a noncitizen who had already been permanently excluded from the U.S. on security grounds,  345 U.S. at 207, and *Barrera-Echavarria* explicitly noted that it did not consider "the constitutionality of indefinite or permanent detention with no prospect of release."  44 F.3d at 1450.  Rather, as this Court recently held in *L.R.G.*, a due process violation may occur when § 1225(b)(1) results in practically indefinite civil detention.  3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6.

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b)(1) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.  *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given he has been detained for over a year.  *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year).  Regarding the second factor, which consists of "the anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner's individual merits hearing is not for another two months and detention beyond that is likely.  *See Banda*, 385 F.Supp.3d at 1119.  Accordingly, the second factor favors Petitioner.  As to the third *Banda* factor, Petitioner's

confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G. v. LaRose*, who was also detained at Otay Mesa Detention Center, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication."  No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8.

As to the fourth and fifth factors, both Petitioner and the government have caused delays, however, the government's delays have been more recent and lengthier at roughly 203 days to Petitioner's 180 days.  [*See* Doc. No. 4 at 3–4; Doc. No. 4-1 at 7.]  Moreover, 73 days of Petitioner's delays were due to him seeking counsel and then counsel preparing for his case.  [Doc. No. 4-1 at 7.]  The remaining delay was due to Petitioner's counsel falling sick on the date of the individual merits determination and the next one being scheduled by the government 107 days later.  [*Id.*; Doc. No. 4 at 3–4.]  Given the circumstances of Petitioner's delays, the fourth weighs only slightly against Petitioner. *See Bayani v. LaRose*, 3:26-CV-266-JES-VET, 2026 WL 194748, at *3 (S.D. Cal. Jan. 26, 2026).  Finally, the Court finds the sixth factor neutral as it is unclear what the result of Petitioner's removal proceedings will be.

In sum, factors one (the most important), two, three, and five weigh for Petitioner, while factor four weighs against him and factor six is neutral.  The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process.  Petitioner is entitled to a prompt and individualized bond hearing before an immigration court, at which Respondents must justify his continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) ("Given the substantial liberty interest at stake ... we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond[.]")

///

4

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **March 17, 2026**.  Respondents shall update the Court on the result of the bond hearing by **March 18, 2026**.

It is **SO ORDERED**.

Dated: March 3, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge